UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

                                     Case No. 13-20405
vs.                                 HON. GEORGE CARAM STEEH

LUCAS RODRIGUEZ,

             Defendant.

_____/

**ORDER GRANTING GOVERNMENT'S MOTION TO STAY LITIGATION PENDING
SUPREME COURT'S DECISION IN *BECKLES V. UNITED STATES* (DOC. 21)**

On July 6, 2016, Defendant filed a motion pursuant to 28 U.S.C. § 2255. Defendant's motion asserts that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidating the Armed Career Criminal Act's "residual clause," also invalidates a similar provision in the United States Sentencing Guidelines.  Defendant requests that the Court vacate his sentence and resentence him without the invalid enhancement.  Now before the Court is the Government's motion to stay the proceedings on Defendant's section 2255 motion, pending the Supreme Court's decision in *Beckles v. United States* (No. 13-13569).  Defendant has not filed a response objecting to the Government's motion.  In light of the lack of objection by Defendant, and for the reasons explained below, the Court will grant the Government's motion.

The first reason for granting the stay is that the *Beckles* decision may have a dispositive effect on the claims at issue in Defendant's motion.  Two of the questions presented in that case are particularly relevant:

1.    Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)?

2.    Whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?

Petition for Writ of Certiorari, *Beckles v. United States* (No. 13-13569).

The second reason for granting the stay is that there is no indication that a stay would prejudice Defendant.  The Supreme Court granted certiorari in *Beckles* on June 27, 2016, and the Supreme Court will likely issue a decision in mid-2017.  Defendant is currently serving a ninety-eight month sentence, and according to the Bureau of Prisons' inmate locator, his expected release date is in June 2020.  When the Court sentenced Defendant in 2014, his offense level was 23 and he was in criminal history category VI. Thus, his Guidelines range was 92 - 115 months.  If the Court were to grant Defendant the relief he requests, his Guidelines range would likely be somewhat more favorable, but Defendant would be unlikely to receive a sentence that would result in his release before mid-2017.  Moreover, as noted above, Defendant has filed no objection to the stay.

Therefore, for the reasons stated above, the Government's motion for a stay (Doc. 21) is GRANTED.  The matter will be stayed pending the Supreme Court's decision in *Beckles v. United States.*

IT IS SO ORDERED.

Dated:  August 3, 2016

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 3, 2016, by electronic and/or ordinary mail and also on
Lucas Rodriguez #48663-039, USP Terre Haute, U.S.
Penitentiary, P.O. Box 33, Terre Haute, IN  47808.


s/Marcia Beauchemin
Deputy Clerk