UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 13-20405

    HON. GEORGE CARAM STEEH

LUCAS RODRIGUEZ,

    Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE (DOC. 18) AND
MOTION FOR APPOINTMENT OF COUNSEL (DOC. 23)

Before the court is Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 and his motion for the appointment of counsel. The court stayed this action pending the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). Subsequent to the *Beckles* decision, the court lifted the stay and set a briefing schedule. The government filed a response to Defendant's motion on September 27, 2018. Defendant submitted a letter to the court on November 26, 2018, which the court will construe as a reply brief.

BACKGROUND FACTS

Defendant Lucas Rodriguez pleaded guilty to one count of felon in possession of a firearm. In calculating Rodriguez's offense level for

- 1 -

sentencing purposes, the court found his base offense level to be 20 because he had a previous controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(4)(A); *see also* U.S.S.G. § 4B1.2(b) (definition of "controlled substance offense"). Ultimately, with other adjustments, Rodriguez's total offense level was calculated to be 23. Based upon a guidelines range of 92 to 115 months, among other considerations, the court sentenced Rodriguez to 98 months of imprisonment. Judgment was entered on February 20, 2014. Rodriguez did not appeal his sentence or conviction.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Rodriguez filed his motion to vacate on July 5, 2016, alleging that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015).[1]

---

[1] The government argues that Rodriguez's petition is untimely. Because the petition fails on the merits, the court need not address the statute of limitations. *See* 28 U.S.C. § 2255(f).

- 2 -

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. *See* 18 U.S.C. § 924(e)(2)(B) (definition of "violent felony" includes "conduct that presents a serious potential risk of physical injury to another"). Rodriguez argues that "the government used priors that fall under the residual clause" which is "unconstitutionally vague" under *Johnson.*

Rodriguez was not, however, sentenced under the ACCA residual clause that was found to be unconstitutionally vague in *Johnson.* That residual clause was part of the ACCA's definition of "violent felony." Rodriguez's base offense level was enhanced based upon a prior controlled substance offense pursuant to U.S.S.G. § 2K2.1(a)(4)(A), not based upon a prior violent felony. Therefore, *Johnson* does not provide relief for Rodriguez.

The Sentencing Guidelines contained a residual clause in the definition of a "crime of violence" similar to the one invalidated in *Johnson.* *See* U.S.S.G. § 4B1.2(a).[2] To the extent Rodriguez claims that the residual clause in Section 4B1.2(a) is unconstitutional in light of *Johnson*, his claim is without merit. First, Rodriguez's sentence was not enhanced based

---

[2] Section 4B1.2(a)(2) was amended in 2016 to remove the residual clause.

- 3 -

upon a crime of violence, but rather a prior controlled substance offense. The definition of a prior "controlled substance offense" remains valid and is not affected by *Johnson*. Second, the Supreme Court has rejected the argument that the residual clause in Section 4B1.2(a) is unconstitutionally vague, finding that the Sentencing Guidelines are not subject to a vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017) ("We hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.").

Finally, to the extent Rodriguez raises a non-constitutional challenge the calculation of his sentencing range under the guidelines, such a claim is not cognizable under § 2255. *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018) ("We note that, although not without dissent, every other court of appeals to have looked at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations.").

Rodriguez has requested the appointment of counsel. Because it is clear as a matter of law that Rodriguez is not entitled to relief, the court will deny this request. The court may appoint counsel for those seeking relief under § 2255 when the "interests of justice so require." 18 U.S.C. § 3006A.

The court finds that the interests of justice would not be served by the appointment of counsel, as Rodriguez has failed raise an arguably meritorious issue.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's motion to vacate sentence (Doc. 18) and motion for the appointment of counsel (Doc. 23) are DENIED.

The court declines to issue a certificate of appealability, because Defendant has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated: February 21, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2019, by electronic and/or ordinary mail and also on Lucas Rodriguez #48663-039, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808.

s/Barbara Radke
Deputy Clerk